# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TIMOTEO GUEVARA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT COUNTY OF SAN MATEO, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00871-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED *IN FORMA PAUPERIS*, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 3, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jose Timoteo Guevara ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 11, 2018, in the United States District Court for the Northern District of California. (ECF No. 1.) That same date, the Northern District issued an order directing Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee within twenty-eight days. (ECF No. 3.) On June 21, 2018, the case was transferred to this district. (ECF No. 6.)

On July 19, 2018, the Court ordered Plaintiff, within twenty-one (21) days, to submit a completed application to proceed *in forma pauperis*, pay the $400.00 filing fee, or show cause in writing why this action should not be dismissed for failure to prosecute and failure to obey a court order. (ECF No. 10.) The deadline for Plaintiff to respond to the Court's order has expired, and

1

1  Plaintiff has not filed an application to proceed *in forma pauperis*, paid the filing fee, or otherwise
2  responded to the Court's order.

3  District courts have the inherent power to control their dockets and "[i]n the exercise of
4  that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v.
5  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with
6  prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure
7  to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995)
8  (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th
9  Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);
10  Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to
11  comply with court order).

12  In determining whether to dismiss an action, the Court must consider several factors:
13  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
14  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
15  cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779
16  F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In
17  re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)
18  (standards governing dismissal for failure to comply with court orders). These factors guide a
19  court in deciding what to do and are not conditions that must be met in order for a court to take
20  action. In re PPA, 460 F.3d at 1226 (citation omitted).

21  The Court finds that the public's interest in expeditious resolution of litigation and the
22  Court's need to manage its docket weigh in favor of dismissal. This action has been pending
23  since June 2018 and can proceed no further without Plaintiff's cooperation and compliance with
24  the Court's orders. Moreover, the matter cannot simply remain idle on the Court's docket,
25  unprosecuted, awaiting Plaintiff's compliance. Indeed, a civil action may not proceed absent the
26  submission of either the filing fee or an application to proceed *in forma pauperis*. 28 U.S.C.
27  §§ 1914, 1915. As for the risk of prejudice, the law presumes prejudice from unreasonable delay.
28  In re PPA, 460 F.3d at 1227–28. Regarding the fourth factor, while public policy favors

disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. Id. at 1228. Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff has ceased responding to the Court's orders. Further, Plaintiff was warned that his failure to submit an application to proceed in forma pauperis or pay the filing fee would result in dismissal of this action. (ECF Nos. 3, 10.) A warning that the failure to obey a court order will result in dismissal can meet the consideration of alternatives requirement. In re PPA, 460 F.3d at 1229.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*, failure to obey Court orders, and failure to prosecute.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 20, 2018**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE