1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TIMOTEO GUEVARA, | Case No.  1:18-cv-00871-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| SUPERIOR COURT COUNTY OF SAN MATEO, *et al.*, | |
| Defendants. | (ECF No. 18) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.   <u>Background</u>

Plaintiff Jose Timoteo Guevara ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 10, 2019, the Court issued a screening order granting Plaintiff leave to file an amended complaint within thirty (30) days.  (ECF No. 18.)  The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (<u>Id.</u> at 6.)

On June 10, 2019, Plaintiff filed a motion requesting an extension of time to file his amended complaint and a stay in order for him to first exhaust his state remedies in San Mateo

County Superior Court.  (ECF No. 19.)  On March 12, 2020, the Court granted the motion in part and ordered Plaintiff to file his first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 21.)  Plaintiff was again warned that if he failed to file an amended complaint in compliance with that order, the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim.  (Id. at 3.)

The extended deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

**II.     Failure to State a Claim**

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

2

**B.      Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) Superior Court of California, County of San Mateo; (2) Warden Sullivan; (3) Captain Gonzales; and (4) Dr. Montegrande.

Plaintiff alleges as follows:

> 1) I was wrongfully convicted by the Superior Court County of San Mateo for not providing strong evidence like DNA only hearsay evidence & false statement by the detective, even my right to have access to the court before and after sentencing the right to speak and the Probation Report that the probation office within 10 days will give me the Report.
> 2) Mr. Sullivan—in keeping me here in CCI, Tehachapi can't even provide my request. [Privacy] Act information and putting me back ward to level III cell living with limited program like, phone call, day room, shower, yard time, access to the library and others meds. Dirty kitchen also.
> 3) Ms. Gonzales—she knows what's going on in the C yard because lots of us come from level II for inmates getting sick in D yard level II, but she don't care.
> 4) Ms. Montegrande—She always discriminate my dicability [sic] and don't follow the Operational Procedure. Remedial Plan.

(ECF No. 1 at 3.) Plaintiff further alleges that he has been locked up for almost 24 years from county jail to prison. He has suffered and is traumatized. He deteriorated physically and was mentally injured. (Id.)

**C.      Discussion**

Plaintiff's complaint fails to state a cognizable claim.

**1.      Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8.  Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556–57; Moss,

1    572 F.3d at 969.

2        Plaintiff's complaint is short, but is not a plain statement of his claims.  For the individual

3    defendants, the Court cannot determine what happened or when it happened.  Absent clear factual

4    allegations, the Court cannot identify the nature of Plaintiff's claims nor assess whether he has

5    stated a cognizable claim for relief.  In any amended complaint, Plaintiff must clearly state what

6    happened, when it happened and who was involved in the alleged violation of his rights.

7                **2.     Superior Court of San Mateo County**

8        Plaintiff cannot state a claim against the San Mateo County Superior Court because such

9    suits are barred by the Eleventh Amendment.  See Simmons v. Sacramento Cty. Super. Ct., 318

10   F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County

11   Superior Court (or its employees), because such suits are barred by the Eleventh Amendment");

12   Gonzalez v. Super. Ct. of Cal., No. 1:18-cv-00555-BAM (PC), 2019 WL 569275, at *3 (E.D. Cal.

13   Feb. 12, 2019) (same).

14                **3.     Classification Level**

15       Plaintiff appears to assert a claim regarding his custody level.  However, a prisoner does

16   not have a right to a particular classification or custody level under the Due Process Clause.  See

17   Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not

18   have liberty interest in residing at a level III prison as opposed to level IV prison); Hernandez v.

19   Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) ("'[A] prisoner has no constitutional right to a

20   particular classification status.'") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)).

21   Further, Plaintiff cannot state a cognizable claim under the Eighth Amendment based on any

22   alleged improper classification.  Myron, 476 F.3d at 719 (finding that alleged improper

23   classification to a "level IV" prison does not amount to an infliction of pain and is not condemned

24   by the Eighth Amendment).

25                **4.     Habeas Action**

26       The crux of Plaintiff's complaint appears to be that he was wrongfully convicted.  To the

27   extent Plaintiff is attempting to challenge his conviction or the validity of his continued

28   confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of

4

1   habeas corpus.  It has long been established that state prisoners cannot challenge the fact or

2   duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus

3   relief.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

4        **5.**     **Medical Care**

5        Although not entirely clear, Plaintiff appears to complain about his medical care while

6   incarcerated.  However, a prisoner's claim of inadequate medical care does not constitute cruel

7   and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to

8   the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091,

9   1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for

10   deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating

11   that failure to treat a prisoner's condition could result in further significant injury or the

12   'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

13   deliberately indifferent." Jett, 439 F.3d at 1096.

14        A defendant does not act in a deliberately indifferent manner unless the defendant "knows

15   of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825,

16   837 (1994).  "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz.,

17   609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and

18   is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible

19   medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

20        In applying this standard, the Ninth Circuit has held that before it can be said that a

21   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

22   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

23   cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,

24   429 U.S. at 105–06).  "[A] complaint that a physician has been negligent in diagnosing or treating

25   a medical condition does not state a valid claim of medical mistreatment under the Eighth

26   Amendment.  Medical malpractice does not become a constitutional violation merely because the

27   victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310,

28   1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to

1  serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

2      Plaintiff's complaint fails to contain sufficient facts for the Court to determine if he states

3  a cognizable deliberate indifference claim against any defendant.

4  **III.    Failure to Prosecute and Failure to Obey a Court Order**

5      **A.    Legal Standard**

6      Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

7  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

8  within the inherent power of the Court."  District courts have the inherent power to control their

9  dockets and "[i]n the exercise of that power they may impose sanctions including, where

10  appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

11  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

12  failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46

13  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet,

14  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

15  amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987)

16  (dismissal for failure to comply with court order).

17      In determining whether to dismiss an action, the Court must consider several factors:

18  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

19  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

20  cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

21  F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

22      **B.    Discussion**

23      Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

24  Court's orders.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

25  case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

26      The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

27  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

28  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

1   dismissal because public policy favors disposition on the merits.  Pagtalunan v. Galaza, 291 F.3d

2   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

3   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

4   progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Products

5   Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

6        Finally, the Court's warning to a party that failure to obey the court's order will result in

7   dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262;

8   Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's May 10, 2019 screening order

9   expressly warned Plaintiff that his failure to file an amended complaint would result in a

10  recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

11  for failure to state a claim.  (ECF No. 18, p. 6.)  The Court's March 12, 2020 order extended the

12  deadline for Plaintiff to file his first amended complaint contained the same warning.  (ECF No.

13  21, p. 3.)  Thus, Plaintiff had adequate warning that dismissal could result from his

14  noncompliance.

15       Additionally, at this stage in the proceedings there is little available to the Court that

16  would constitute a satisfactory lesser sanction while protecting the Court from further

17  unnecessary expenditure of its scarce resources.  Though Plaintiff has paid the filing fee and may

18  be able to afford monetary sanctions, such lesser sanctions, including the preclusion of evidence

19  or witnesses, is likely to have no effect given that Plaintiff has ceased litigating his case.

20  **IV.**    **Conclusion and Recommendation**

21       Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

22  RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

23  pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to

24  prosecute this action.

25       These Findings and Recommendation will be submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

27  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

28  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2020**                    /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE